UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

RAFAEL BATISTA,

        Defendant.

07-CR-823

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines have been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

1

On April 24, 2008, Rafael Batista pled guilty to a lesser-included offense within count one of a two-count indictment. Count one charged that on October 20, 2007, the defendant imported heroin into the United States in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3).

Batista was sentenced on November 10, 2008. The underlying indictment against him was dismissed upon motion by the government. The proceeding was also videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The maximum term of imprisonment for this crime is 20 years. See 21 U.S.C. § 960(b)(3). The court found the total offense level to be twenty-one and defendant's criminal history category to be level I, yielding a guidelines range of imprisonment between thirty-seven and forty-six months. The guidelines range of fine was from $7,500 to $75,000. The defendant qualified for a two-point "safety valve" reduction since he "truthfully provided to the Government all information and evidence the defendant has concerning the offense." See U.S. Sentencing Guidelines Manual § 2D1.1(b)(11) (2008).

Batista was sentenced to thirty months imprisonment and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. The court recommended that Batista receive treatment for drug and alcohol abuse, and vocational training in computers and managerial skills while serving his prison sentence.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure

2

that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The defendant has committed a serious offense involving international drug trafficking. Defendant has a history of drug abuse, which caused him to lose partial ownership of a delicatessen that he operated with one of his brothers. Defendant's drug abuse led to significant financial problems as he struggled to support his family as well as his drug habit on a factory worker's salary. Prior to his incarceration, the defendant had worked to support six children ages three to eighteen, including his three-year-old son by his domestic partner. While the crime is serious, the defendant has indicated remorse and has cooperated with investigators.

Even though the defendant has a serious drug abuse problem, he has no criminal history and has a number of family members in both the United States and the Dominican Republic who have relied upon him for financial support. Their continued support for him was evidenced by the appearance of twelve family members and friends at his sentencing.

A sentence of thirty months and three years supervised release reflects the seriousness of the offense, will promote respect for the law, and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A). Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied by the sentence imposed. The sentence will send a clear message that any involvement in narcotics trafficking may result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and Batista's deportation upon release. It is unlikely that he will engage in further criminal activity in light of his lack of a prior criminal record, his family circumstances, and his showing of significant remorse.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: November 26, 2008
       Brooklyn, New York